IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
   v. : CIVIL ACTION NO. 3:CV-04-0908
: (JUDGE KOSIK)
WILLIAM LEWIS, :
:
   Defendant. :

## MEMORANDUM AND ORDER

AND NOW, THIS 29th DAY OF SEPTEMBER, 2005, IT APPEARING TO THE COURT THAT:

[1] On April 26, 2004, plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983, against William Lewis, Fritz Bleich, and John Galabinski;

[2] the matter was assigned to United States Magistrate Judge Thomas M. Blewitt;

[3] Bartelli's complaint concerns the defendants' actions while the plaintiff was incarcerated at the State Correctional Institution at Dallas (SCI Dallas), Pennsylvania;

[4] Bartelli alleges that William Lewis (hereinafter "defendant") filed a false misconduct report against the plaintiff on March 13, 2002, after the plaintiff filed complaints against Corrections Officer J. Galabinski between October of 2001 and February of 2002;

[5] Bartelli further alleges that the defendant filed a false misconduct report against the plaintiff on April 16, 2002, destroyed a witness form, denied the plaintiff a hearing, and sanctioned the plaintiff with thirty (30) days in disciplinary

confinement, all in retaliation for the plaintiff's filing a grievance on April 15, 2002;

[6] finally, Bartelli complains that the defendant threatened him "with death" after Bartelli filed a grievance on July 23, 2003[1];

[7] on May 27, 2004, Magistrate Judge Blewitt issued a Report and Recommendation suggesting that we dismiss Bartelli's first two claims as time-barred and his third claim for failure to state a claim of retaliation against any of the defendants;

[8] on October 29, 2004 this court adopted in part the Report and Recommendation, entering an order that allowed Bartelli to proceed against defendant Lewis on all three claims, but dismissed defendants Galabinski and Bleich;

[9] the defendant filed a motion for summary judgment or for judgment on the pleadings on May 25, 2005;

[10] both parties briefed the motion for summary judgment;

[11] Magistrate Judge Blewitt issued a Report and Recommendation on September 9, 2005, suggesting that we grant the defendant's motion and dismiss all three of Bartelli's claims;

[12] neither the plaintiff, nor the defendant filed objections to the Report and

---

[1] The plaintiff has filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas. On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also know as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim. *See Bartelli v. Beard, et al.* CV-05-1285.

Recommendation;

IT FURTHER APPEARING THAT:

[13] If no objections are filed to a Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of the plaintiff's claims.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985).  Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3rd Cir. 1987);

[14] having examined the Magistrate Judge's Report and Recommendation, we agree with his recommendation to grant the defendant's motion for summary judgment or motion for judgment on the pleadings;

[15] we concur with the Magistrate Judge's analysis of the issues raised in the defendant's motion and find the Magistrate Judge's review of the record to be comprehensive;

[16] specifically, we agree with the Magistrate Judge's conclusion that the defendant's motion for judgment on the pleadings should be granted with respect to Bartelli's first claim as the plaintiff failed to exhaust the administrative remedies available to challenge the March 13, 2002 misconduct report at issue;

[17] summary judgment should be granted in favor of the defendant on Bartelli's second claim as Bartelli failed to establish a cognizable 42 U.S.C. § 1983 retaliation claim where the defendant demonstrated through unchallenged evidence that he filed the April 16, 2002 misconduct report against Bartelli before he was aware that Bartelli had filed a grievance against him;

[18] finally, we agree that summary judgment should be granted in favor of the defendant on Bartelli's third claim as Bartelli failed to establish a cognizable retaliation claim where the only alleged retaliatory conduct on the part of the defendant were verbal threats and harassment;

[19] we determine that verbal threats do not constitute an "adverse action" and, therefore, do not fulfill a requisite element of a retaliation claim; *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (holding prisoner litigating a retaliation claim must show he suffered some "adverse action" at hands of prison officials).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 9, 2005 (Doc. 49) is **adopted**;

[2] the defendant's motion for summary judgment or judgment on the pleadings is granted as to all claims of the plaintiff's complaint;

[3] judgment is entered in favor of defendant, William Lewis, and against the plaintiff, Keith Bartelli, on all claims; and,

[4] the Clerk of Court is directed to close this case, and forward a copy of this Memorandum and Order to the Magistrate Judge.

s/Edwin M. Kosik  
United States District Judge