IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,

    Plaintiff,

v.

WILLIAM LEWIS,

    Defendant.

CIVIL ACTION NO. 3:CV-04-0908
(JUDGE KOSIK)

FILED
SCRANTON

DEC 28 2005

PER _____
DEPUTY CLERK

## MEMORANDUM

Before this court are the plaintiff's, "Application For a Bill of Judicial Review," filed on November 23, 2005, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910," filed on November 25, 2005, "Proof of Governmental Interference," filed on December 6, 2005, and "Objection to Memorandum and Order," filed on December 8, 2005, together construed as a single motion for reconsideration. (Docs. 55-58). For the reasons that follow, we will deny the plaintiff's motion for reconsideration. We will not disturb our September 29, 2005 Order (Doc. 51) entering judgment in favor of the defendant and closing this case, or our November 16, 2005 Order (Doc. 54) dismissing the plaintiff's "Opposition Motion Against Defendant's Second Motion for Summary Judgment."

## FACTUAL HISTORY

On February 5, 2003, the plaintiff filed his initial 42 U.S.C. § 1983 action, *Bartelli v. Beard, et al.*, 03-CV-0234, against the present defendants and dozens of other staff members at the State Correctional Institution at Dallas, Pennsylvania

(SCI Dallas), as well as officials in the Pennsylvania Department of Corrections. On April 14, 2003, we adopted a Report and Recommendation of Magistrate Judge Blewitt, dismissed Bartelli's claims against some of the defendants, and remanded the matter to the Magistrate Judge to direct the plaintiff to refile an amended complaint that comported with Federal Rules of Civil Procedure 8 and 20(a). *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 14. Magistrate Judge Blewitt then filed an order giving the plaintiff fifteen (15) days to file an amended complaint that contained only the claims and defendants that were related to the same transactions or occurrences and that had a common legal and factual basis. *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 15.

The plaintiff subsequently filed motions seeking an extension of time to file the amended complaint and to stay the proceedings. *Bartelli v. Beard, et al.*, 03-CV-0234, Docs. 16-18. In the motion to stay, Bartelli acknowledged that he had not exhausted all administrative remedies related to the actions of SCI staff at issue in the litigation. *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 18. We entered an order on May 22, 2003, dismissing the plaintiff's complaint without prejudice due to his failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997 e(a). *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 20.

The plaintiff filed the present action pursuant to 42 U.S.C. § 1983 on April 26, 2004, against William Lewis, Fritz Bliech, and John Galabinski, all staff members at SCI Dallas. On April 27, 2004, this court issued a Standing Practice Order informing the plaintiff, among other procedural issues, of his obligation to

2

notify the court in the event that he was transferred to a new prison. (Doc. 5). In his complaint, the plaintiff claims that: (1) on March 13, 2002, he received a "false and fabricated" misconduct report in retaliation for the plaintiff's filing grievances from October 2001 through February 2002; (2) in April of 2002, the defendant filed a "false and fabricated" misconduct report in "future retaliation" for a grievance filed by the plaintiff against defendant Lewis on April 15, 2002; and, (3) on July 23, 2003, the plaintiff filed a grievance against defendant Lewis for threatening the plaintiff with death. (Doc. 1). The matter was assigned to United States Magistrate Judge Thomas M. Blewitt, who preliminarily screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and authored a Report and Recommendation on May 27, 2004. (Doc. 7). The Magistrate Judge suggested dismissing the first two claims in the plaintiff's complaint due to expiration of the statute of limitations, and further, dismissing all claims for failure to state a claim. On October 29, 2004, this court adopted in part the Report and Recommendation and dismissed all claims against defendants Bliech and Galabinski, but permitted the plaintiff to proceed against defendant Lewis on all three claims. (Doc. 11). We determined that dismissal on the basis of the expiration of statute of limitations was inappropriate at preliminary review as the statute of limitations is an affirmative defense to be raised by the defendant in a responsive pleading.

The remaining defendant filed a motion for summary judgment or for judgment on the pleadings on May 25, 2005. (Doc. 36). Both parties briefed the

motion. (Docs. 43, 45, 48 and 53).[1] Magistrate Judge Blewitt issued a Report and Recommendation on September 9, 2005, suggesting that we grant the defendant's motion for summary judgment or for judgment on the pleadings and dismiss all three of the plaintiff's claims. (Doc. 49). Specifically, the Magistrate Judge determined that: Bartelli's first claim should be dismissed as the plaintiff failed to exhaust the administrative remedies available to challenge the March 13, 2002 misconduct report; summary judgment should be granted in favor of the defendant on Bartelli's second retaliation claim as the defendant established that he filed the April 16, 2002 misconduct report against Bartelli before he was aware that Bartelli had filed, or intended to file, a grievance against him; and, judgment on the pleadings should be granted in the defendant's favor on Bartelli's third claim as the plaintiff's claims of verbal threats and harassment alone cannot make out a cognizable retaliation claim under 42 U.S.C. § 1983. Neither party objected to the Report and Recommendation. We adopted the Report and Recommendation by a Memorandum and Order of September 29, 2005, granted the defendant's motion for summary judgment or for judgment on the pleadings, entered judgment in favor of the defendant, and closed this case. (Doc. 51).

On October 5, 2005, Bartelli filed a notice of change of address, indicating that he had been transferred from SCI Dallas to SCI Huntingdon. (Doc. 52).

---

[1] Bartelli filed his sur reply brief (Doc. 53) after we granted the defendant's motion and entered an Order closing this case. We dismissed the sur reply brief in our Order of November 16, 2005. (Doc. 54). We also reviewed the brief as if it had been timely filed Objections to the September 9, 2005 Report and Recommendation. We determined that the plaintiff's filing would not have altered our decision to enter judgment in favor of the defendant and close the case.

4

Bartelli filed another document on October 5, 2005, alleging that staff at both SCI Huntingdon and SCI Dallas interfered with his legal mail, and requesting an extension of time, until roughly October 8, 2005, to file objections to the various Report and Recommendations entered in his numerous 42 U.S.C. § 1983 lawsuits before this court. Neither the change of address, nor the document alleging interference with the plaintiff's mail referenced any case by name or provided any docket numbers.[2]

On November 23, 2005, the plaintiff filed a document entitled "Application For a Bill of Judicial Review." (Doc. 55). On November 25, 2005, the plaintiff filed two letters with this court in which he once again complained that staff at SCI Huntingdon interfered with his legal mail. (Doc. 56). The plaintiff dated the letters November 17, 2005, and labeled the document, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-04-0900, 0907, 0908, 0909, and 0910." Bartelli also filed his own affidavit with

---

[2] The October 5, 2005 letter alleging interference with legal mail was not docketed in the instant case, but may be found in several other cases in which Bartelli is a plaintiff. See e.g., Bartelli v. Jones, 04-CV-0906, Doc. 69. Bartelli filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas. On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim. See Bartelli v. Beard, et al. 05-CV-1285. Bartelli appears to take pride in his prolific filings. He includes "litigation" among his "Activities in Prison" noted on a dating web site on which he posted his profile and photograph. See Keith Bartelli <http://www.meet-an-inmate.com/male/keith-1681.htm>.

documents that he contends support his claims of governmental interference. (Doc. 56, Exhibits). On December 6, 2005, Bartelli filed additional exhibits labeled, "Proof of Governmental Interference." (Doc. 58). Finally, on December 8, 2005, he filed an "Objection to Memorandum and Order." (Doc. 57). We will construe the November 23 and 25, and December 6 and 8, 2005 filings together as motion for reconsideration of this court's September 29, 2005 Order entering judgment in favor of the defendant.[3]

## DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp.

---

[3]
"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.*, 540 U.S. 375, 381-82 (2003) (*internal citations omitted*). Given Bartelli's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat the plaintiff's filings as a motion for reconsideration.

6

712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Middle District Local Rule 7.10 requires that motions for reconsideration be filed within ten (10) days after the entry of the order at issue.

In this case, the plaintiff failed to file his motion for reconsideration within ten days of this court's September 29, 2005 Order. Rather, Bartelli filed his "Application For Bill of Judicial Review," the first in the series of filings that we will construe as a motion for reconsideration, on November 23, 2005, over seven weeks after we entered the Order closing the case. Accordingly, the plaintiff's motion will be dismissed as untimely.

The plaintiff's transfer to SCI Huntington does not excuse his failure to file the motion for reconsideration within the time allotted by the Local Rules. It appears that the plaintiff failed to inform this court of his transfer to SCI Huntingdon in a timely fashion, in contravention of the April 27, 2004 Standing Practice Order notifying him of his obligation to keep this court abreast of any address changes. (Doc.5). For some period of time, documents forwarded to the plaintiff at SCI Dallas were returned to the court. Bartelli waited until October 5, 2005, to forward a notice of his transfer to this court. Even then, Bartelli did not indicate a docket number on the notice. On the same date, he filed a letter asking the court for an extension until October 8, 2005, to file Objections to the various Report and Recommendations entered in his many lawsuits against SCI Dallas staff. *See Bartelli v. Jones*, 04-CV-0906, Doc. 69. The plaintiff did not meet the

deadline he requested in the extension. He never attempted to file Objections to the Report and Recommendation. Instead, he waited until November 23, 2005, to file what we have construed as a motion for reconsideration of our September 29, 2005 Order. Any delay in the plaintiff's receipt of court documents, as well as his failure to object to the Report and Recommendation or file a timely motion for reconsideration, are solely the consequences of Bartelli's own inaction.

Additionally, the plaintiff's allegations that prison staff interfered with his mail and destroyed records do not justify the late filing. The plaintiff does not allege that the claimed obstruction involved mail and filings related to the Report and Recommendation of September 9, 2005, or our Order adopting same on September 29, 2005. Rather, Bartelli's specific allegations of obstruction involve administrative filings and filings with this court up to April 29, 2005. He makes no assertions that prison staff inhibited his ability to receive or send mail after the Magistrate Judge entered his Report and Recommendation on September 9, 2005. See Bartelli Affidavit at 4, attached as an exhibit to Doc. 56. The plaintiff offers no evidence, other than his own affidavit, to support the contention that prison staff ever interfered with his mail. Moreover, Bartelli's claims of interference with legal mail are belied by the presence of the myriad of docket entries over recent months in the plaintiff's numerous lawsuits. Similarly, his contention that prison staff destroyed records pertaining to his administrative appeals is weakened by his admission that records of all appeals are in the care of the plaintiff's "dying mother." See Doc. 57 at 3. Any allegations of governmental interference are incredible. Accordingly, the alleged interference with the plaintiff's legal mail and

destruction of records do not justify plaintiff's failure to file Objections to the Report and Recommendation or to file a timely motion for reconsideration of our Order entering judgment in favor of the defendant.

Finally, even if we were to disregard the late filing, we would nonetheless deny Bartelli's motion. Bartelli cites no recent precedent that would compel this court to revisit the September 29, 2005 Order, or the November 16, 2005 Order where we further explained the entry of judgment in favor of the defendant. The plaintiff fails to offer any newly discovered evidence that, if discovered previously, may have affected our decision. He merely restates the arguments found in his response to the defendant's motion for summary judgment and other previous filings. Nothing in the plaintiff's many filings convinces this court to reconsider our September 29, 2005 Order. *See Harsco Corp.*, 779 F.2d 906 (holding motion for reconsideration used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which might have affected the court's prior decision).[4]

## CONCLUSION

Bartelli's November 23 and 25, and December 6 and 8, 2005 filings, construed as a Motion for Reconsideration, will be denied. (Docs. 55-58). The

---

[4]

We would similarly deny the plaintiff's motion if we were to construe it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on the basis of fraud or misconduct. As noted above, Mr. Bartelli's allegations of obstruction of his legal mail are unsupported and incredible. Additionally, he failed to allege that any misconduct on the part of prison staff affected his ability to respond to either the Report and Recommendation of September 9, 2005, or the Order adopting same filed on September 29, 2005.

9

motion was filed well beyond the time allotted for motions for reconsideration by Local Rule 7.10 (ten days). Bartelli failed to allege that any actions on the part of prison staff precluded him from receiving the Magistrate Judge's Report and Recommendation or our Order adopting same, or inhibited his ability to respond to those two filings. Bartelli's allegations of obstruction of mail and destruction of administrative appeal records are unsupported by any evidence and irrelevant to this motion. Even if we were to reach the merits of Bartelli's motion, we would not alter our September 29, 2005 Order as he failed to demonstrate that this court made a manifest error of law or fact. He further neglected to present any newly discovered precedent or evidence that might have altered our prior decision. *See Harsco Corp.*, 779 F.2d 906. Accordingly, we will not disturb our Order of September 29, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,

    Plaintiff,

    v.      :    CIVIL ACTION NO. 3:CV-04-0908
           (JUDGE KOSIK)

WILLIAM LEWIS,

    Defendant.

FILED
SCRANTON

DEC 28 2005

PER _____
DEPUTY CLERK

**ORDER**

AND NOW, this 28th day of DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's "Application For a Bill of Judicial Review," "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910," "Proof of Governmental Interference," and his "Objection to Memorandum and Order" (Docs 55-58), together construed as a motion for reconsideration, are **denied**;

[2] the order dated September 29, 2005 (Doc. 51), adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the defendant's favor, and closing the case, will stand; and,

[3] any appeal of this order is deemed frivolous, without merit, and lacking in probable cause.

                                             _____
                                             Edwin M. Kosik
                                             United States District Judge